**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES L. SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-0675 |
| v. | ) | |
| | ) | |
| VIACOM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for disposition is the MOTION TO DISMISS with brief in support, filed by Defendant Viacom (Document Nos. 8 and 9), the BRIEF IN OPPOSITION filed by Plaintiff, Charles L. Sims (Document No. 17), and the REPLY BRIEF filed by Defendant (Document No. 20). The Motion is now fully briefed and ripe for disposition.

### Factual Background

As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party.

In 2004, Plaintiff, Charles Sims ("Sims") developed and created an idea for a reality television series called "Ghetto Fabulous," "which would feature a competition between uncouth urban women." *See* Exhibit 6. He officially registered and recorded written documentation of this concept with the Writer's Guild of America on February 9, 2004. In the months following the registration, Sims met with Allison Jordan ("Jordan") to further develop his concept into a formal proposal or "treatment," which would fully outline their idea for a reality television show. Following this meeting, on April 8, 2004, Sims and Jordan amended the Writer's Guild registration to add Jordan as a co-writer and attached the formal treatment. As described in the treatment, "Ghetto Fabulous" was a "show featuring women in a half hour reality television

series, placing the 'contestants' through a series of challenges and ultimately declaring a single winner."  Complaint, at ¶ 6.

Jordan submitted the treatment to various television companies, cable companies, producers, directors and actors she knew, including Viacom which provided a "Submission Release" to Jordan.  Jordan signed the Submission Release on behalf of herself and Sims.

Over the next two years, Jordan "pitched" the show to Viacom.  Viacom allegedly considered the pitch, and after "two years of discussion," allegedly told Jordan that it was "ready to make an offer," but "had to wait as there was a change of hands" at the network which was considering the show.  Id. at ¶ 10.   Viacom never made an  offer to Jordan and/or Sims.

In April 2007, the reality television show "Charm School" debuted on Viacom's VH1 network.  Complaint at ¶ 12.  On May 21, 2007, Sims wrote a document entitled "Show Comparisons" which compared "Charm School" to "Ghetto Fabulous" in which he concluded that the two shows were "the same."

On January 23, 2009, Sims and Jordan initiated a lawsuit against Viacom and two other companies by writ of summons in the Philadelphia County Court of Common Pleas.  Six months later, Sims and Jordan filed a verified complaint in which they contended that Viacom "stole 'Ghetto Fabulous,' " and asserted claims for breach of express and implied contracts, fraud, negligent misrepresentation, and conversion.   Defendants timely removed the case to the United States District Court for the Eastern District of Pennsylvania, and then moved to dismiss the claims.

The district court granted the motion to dismiss the fraud and conversation claims, holding *inter alia*, that the conversion claim was preempted by the federal Copyright Act.  The court permitted the remaining claims to proceed to discovery.  Following the close of discovery,

Viacom moved for summary judgment in which it argued that the claims for breach of express and implied contracts were barred by the Submission Release which had been signed by Jordan. The district court found that Jordan had signed the Submission Release "on behalf of herself and Sims," and granted summary judgment in favor of Viacom.

On June 7, 2011, Sims, *pro se,* filed the instant three-count Complaint against Viacom, Inc., ("Viacom") in which he alleges Copyright Infringement, violations of the Digital Millennium Copyright Act ("DMCA"), and unjust enrichment. The Complaint basically repeats the same allegations and identical facts as those alleged by Sims in his prior lawsuit although in the instant lawsuit he attempts to apply three new legal theories: copyright infringement, an alleged DMCA violation, and unjust enrichment. On June 7, 2011, Attorney Darrell E. Williams entered his appearance on behalf of Sims.

Viacom has filed the instant motion in which it argues that Sims' second lawsuit is "unquestionably barred by the doctrine of res judicata, and in any event, each of his new legal theories fails to state a viable claim as a matter of law." Plaintiff has responded in opposition. For the reasons that follow, the Court agrees with Viacom and the Motion to Dismiss will be granted.

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

3

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The United States Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, after *Iqbal,* a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-11. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (*citing Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (*quoting Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id*. at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (*quoting Iqbal,* 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the United States Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(*citing Twombly*, 550 U.S. at 553).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment. *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Under this standard, administrative filings, such as the record of the case before the Equal Employment Opportunity Commission ("EEOC") may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196-97.

**Discussion**

Viacom requests that its Motion to Dismiss be granted and in support has raised four (4) arguments. Each will be addressed seriatim.

A.    Plaintiff's Copyright Claims Are Not Barred Under the Doctrine of *Res Judicata*

Viacom contends that the instant case is barred by the doctrine of *res judicata* because Sims allegedly raised the same claims in his prior lawsuit which was litigated to conclusion in the United States District Court for the Eastern District of Pennsylvania (hereinafter referred to as "*Sims I*").

The doctrine of claim preclusion, traditionally known as *res judicata,* "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Claim preclusion bars a plaintiff from asserting a cause of action that could have been raised and decided in a prior suit. *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 189 (3d Cir. 1999). Application of the doctrine requires (i) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. *Id*. at 194. If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded. Our appellate court has instructed that in assessing whether two suits are based on the same "cause of action," courts should "take a broad view," looking to whether there is an "essential similarity of the underlying events giving rise to the various legal claims." *Id.* (*quoting United States v. Athlone Indus*., 746 F.2d 977, 984 (3d Cir. 1984)).

Viacom argues that each of the three *res judicata* requirements are met and, therefore, the claims in the instant litigation are barred under the doctrine of *res judicata*. At first blush, it appears that Viacom's argument has merit. A final judgment was entered against Sims in *Sims I,* the instant case involves the exact same parties as the parties in *Sims I* - Sims and Viacom, and the underlying events of both suits are identical - Sims complains that Viacom's "Charm School" directly copies his "Ghetto Fabulous" treatment and that the two works are "substantial similar, and in most cases identical." Complaint at ¶¶ 22, 25.

However, Viacom's argument completely ignores the basic principle that res judicata bars a plaintiff from asserting a cause of action that <u>could have been raised and decided in a prior suit.</u> Viacom argues that "[a]lthough Sims did not state claims for copyright infringement, an alleged DMCA violation, or unjust enrichment in the first case, they certainly 'could have been raised in the earlier proceeding'." Br. at 7-8.

As both parties acknowledge, 17 U.S.C. § 411(a) imposes a mandatory precondition that a copyright must be registered with the Copyright Office before a copyright infringement claim is filed. The Complaint in *Sims I* was filed in 2009. At that time, as both parties acknowledge, Sims had not registered his "Ghetto Fabulous" treatment with the Copyright Office. Accordingly, Sims could <u>not</u> have raised a copyright infringement claim or alleged DMCA violations in *Sims I.* Therefore, the doctrine of *res judicata* does not preclude Sims' claims in the instant lawsuit.

B.      The Copyright and DMCA Claims Are Time-Barred

The statute of limitations for copyright infringement and DMCA claims is three years. *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title

unless it is commenced within three years after the claim accrued.")  As the Court of Appeals has explained, the time for filing a copyright claim begins to run "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A. Graham Co. v. Haughey*, 568 F.2d 425, 438 (3d Cir. 2009).

Here, Sims admits that "Charm School" debuted on VH1 in April 2007, which "aired throughout the United States.  The show "Charm School" had three seasons of episodes which ended mid 2009."  Pl's Br. at 11.  Sims further admits that "[o]n May 21, 2007, plaintiff Sims wrote a document titled 'Show Comparisons' comparing the first few episodes of 'Charm School' to 'Ghetto Fabulous' " and concluded that the shows were "the same." *Id.* Nevertheless, Sims did not file this suit until May 20, 2011, well after the three-year statute of limitations on his copyright and DMCA claims expired.

Interestingly, Plaintiff concedes that "[i]t is true that plaintiff is outside of the three year statute of limitations with respect to the first season episodes of 2007."    However, he asserts that he "is still within the three year statute of limitations with respect to the October 2008 and July 2009 episodes of 'Charm School'." *Id*. at 12.  This assertion must fail based on the plain language of the Complaint.  The only episodes pled in the Complaint are from 2007 <u>not 2008 or 2009.</u> [1]

Accordingly, the Plaintiff's copyright and DMCA claims are time barred.

---

[1]  Assuming, *arguendo,* that the  2008 and 2009 episodes were at issue in this lawsuit, it appears that the statute of limitations would clearly bar any claims for the October 2008 episodes and may also bar any claims for the July 2009 episodes.  Plaintiff by his own admission was aware in May 2007 that "Charm School" was strikingly similar to his treatment.

C.    <u>The Copyright Claim Is Barred Because Sims Failed to Register His Work</u>

Under 17 U.S.C. § 411(a), absent certain circumstances not applicable here,[2] one cannot bring a copyright infringement action until the copyright is registered.  Under Section 411(a) of the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  *See also Dawes-LLoyd v. Publish America, LLLP*, 441 Fed. Appx. 956, 2011 WL 3555427 (3d Cir. Aug. 12, 2011) ("An action for infringement of a copyright may not be brought until the copyright is registered.")  Indeed, "[t]o establish a claim of copyright infringement, a plaintiff must establish:  (1) ownership of a valid copyright; and (2) unauthorized copying of the original elements of the plaintiff's work."  *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005).

Plaintiff concedes that he did not file a copyright registration prior to commencing this lawsuit.[3]  However, he argues that his treatment was "filed in the U.S. Copyright Office in October 2011, before the 'waiver of summons' was filed in ECF."[4]  Further, Plaintiff argues that

---

[2]  In particular, "§ 411(a) expressly allows courts to adjudicate infringement claims involving unregistered works in three circumstances:  where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused."  *Reed Elsevier, Inc. v. Muchnick*, -- U.S. --, 130 S.Ct. 1237, 1246 (2010).  It appears that none of these exceptions apply here.

[3]  Plaintiff's argument that his registration of the treatment with the Writers Guild of America is sufficient to meet the prerequisites of § 411(a) is without merit and requires little discussion.  The Copyright Act requires registration "be with the Register of Copyrights, not the Writers' Guild of America."  *Latimore v. NBC Universal, Inc.*, 2009 WL 1321901 at *2 (S.D.N.Y. May 11, 2009).

[4]  The official Court docket reflects that Waivers of Service were returned executed on October 28, 2011;  the Copyright Office's website reflects that "Treatment:  Reality TV Show 'Ghetto Fabulous' " was registered on October 31, 2011, three days after the waivers of service were filed.  With that said, however, it is not clear to the Court what the significance is of the date of the filing of the waivers of service.

"even if the filing of plaintiff's copyright infringement is presumed to have commenced in October 2011 when the U.S. Copyright was filed, plaintiff is still within the three year statute of limitations with respect to the October 2008 and July 2009 episodes of "Charm School." Pl's Br. at 12.[5]

Plaintiff failed to offer any evidence that he applied for and received a copyright registration for his treatment, although in his Response he states that a registration was filed in the U.S. Copyright Office in October 2011. The Court's independent search of the United States Copyright Office's website reflects that the copyright for "Treatment: Reality TV Show 'Ghetto Fabulous'" was registered on October 31, 2011, Registration Number: TXu001781107 to claimant: Charles L. Sims, 212 Ridge Avenue, New Kensington, PA 15068. *See* attached Exhibit A. However, the registration requirement in 17 U.S.C. § 411(a) imposes a mandatory precondition to filing a copyright infringement lawsuit. Accordingly, Plaintiff's copyright infringement claim must be dismissed for failure to file a registration prior to instituting this lawsuit.

D.     The Unjust Enrichment Claim is Preempted by Federal Copyright Law

Under the Copyright Act, state law claims which fall within the subject matter of copyright are preempted. *See* 17 U.S.C. § 301(a); s*ee also, e.g., Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1980) (Copyright Act creates uniform law "by broadly pre-

---

[5] Although Plaintiff again refers to the October 2008 and July 2009 episodes of "Charm School," the only episodes referenced in the Complaint are from the 2007, specifically the episodes shown on April 15, 2007; April 22, 2007; May 6, 2007; and May 20, 2007. Complaint at ¶ 12. Assuming, *arguendo,* that the 2008 and 2009 episodes were at issue in this lawsuit, the undisputed fact remains that Plaintiff failed to register his treatment prior to bringing this lawsuit - contrary to the mandates of 17 U.S.C. § 411(a).

empting state statutory and common-law copyright regulation.")   To determine whether a state law cause of action is preempted by the Copyright Act, courts employ a "functional test."  *Dun and Bradstreet Software Servs. v. Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217 (3d Cir. 2002).  This functional test involves two related inquiries:  (1)  does the subject matter of the state law claim fall within the subject matter of copyright law, and (2) is the state law right equivalent to the exclusive rights afforded under the Copyright Act.  If both requirements are not met, the state cause of action survives.  *Gemel Precision Tool Co., Inc. v. Pharma Tool Corp.*, 35 U.S.P.Q.2d 1019, 1026-27 (E.D. Pa. 1995).

"Courts have consistently held that an action for unjust enrichment is preempted by copyright law." *FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 2008 WL 4279751, at * 15 n.3 (W.D. Pa. Sept. 12, 2008).  The plain language of Sims' unjust enrichment claim confirms that the heart of this claim falls within the subject matter of copyright law - the first prong of the functional test of preemption. Sims alleges that his "treatment contains material wholly original with Plaintiff and is copyrightable subject matter under the copyright laws of the United States."  Complaint, at ¶ 21.

Similarly, the second prong is also undeniably met.  Plaintiff claims that Viacom "utilized the Plaintiff's copyright treatment to its benefit," that it "received substantial profits from its unauthorized use and misappropriation of the aforementioned copyright treatment," and that it "has become unjustly enriched thereby."  Complaint, at ¶ ¶ 41, 43.  These allegations are based on precisely the same conduct as that which Sims uses to support his copyright claim.  *See* Complaint at ¶¶ 22, 28 in which Plaintiff alleges that Viacom "has infringed the Plaintiff's Copyrights by directly copying all or part of the Plaintiff's treatment and using it in a derivative work," which "has yielded Defendants' (sic) profits."

In an attempt to save his unjust enrichment claim, Plaintiff argues that his claim falls outside the Copyright Act's preemption because it rests on the "two years of discussion with Viacom," an extra element that takes it beyond the scope of copyright protection. However, this theory is <u>not pleaded</u> in the Complaint, in which Plaintiff alleges only that Viacom was unjustly enriched through "the unauthorized use of Plaintiff's copyright treatment." Complaint at ¶ 42.

Because both prongs of the functional test have been met, the state law claim is preempted and must be dismissed.

**Conclusion**

After viewing the facts in the light most favorable to Plaintiff, the Court concludes that the Motion to Dismiss must be granted and Plaintiff's Complaint dismissed with prejudice in its entirety.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHARLES L. SIMS,                          )
                                          )
                    Plaintiff,            )        2: 11-cv-0675
          v.                              )
                                          )
VIACOM, INC.,                             )
                                          )
                    Defendant.            )

**ORDER OF COURT**

  **AND NOW**, this 31st day of January, 2012, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the

MOTION TO DISMISS filed by Viacom, Inc., is **GRANTED** and Plaintiff's Complaint is

dismissed with prejudice in its entirety.  The Clerk of Court is **ORDERED** to mark this case

closed.

                                    BY THE COURT:

                                    s/ Terrence F. McVerry
                                    United States District Court Judge

cc:     Darrell E. Williams, Esquire
        8010 Woodcreek Drive
        Bridgeville, PA 15017

        Gayle C. Sproul, Esquire
        Levine, Sullivan, Koch & Schulz
        Email: gsproul@lskslaw.com

        Michael Berry, Esquire
        Levine Sullivan Koch & Schultz
        Email: mberry@lskslaw.com

        Robert Penchina, Esquire
        Levine, Sullivan, Koch & Schulz
        Email: rpenchina@lskslaw.com