IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES L. SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-0675 |
| v. | ) | |
| | ) | |
| VIACOM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently pending before the Court is the MOTION FOR SANCTIONS, with brief in support, filed by Defendant Viacom, Inc., and the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION OF VIACOM INC. FOR SANCTIONS filed by Plaintiff, Charles L. Sims.

This is the second lawsuit filed by Sims against Viacom. His first lawsuit was initially filed in the Philadelphia County Court of Common Pleas and removed to the United States District Court for the Eastern District of Pennsylvania. In that lawsuit, Plaintiff alleged that Viacom's "Charm School" reality program was Plaintiff's "Ghetto Fabulous" just under a different name. Plaintiff asserted claims for breach of express and implied contracts, fraud, negligent misrepresentation, and conversion. The district court granted summary judgment in favor of Viacom on November 17, 2010.

Viacom argues that Sims filed the instant lawsuit when he knew or should have known that his Complaint had no basis in law or fact. As relief, Viacom requests an Order granting its motion for sanctions and award Defendant its expenses, including attorney's fees.

A.      Rule 11 Sanctions

"The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods.*, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citing *Bus. Guides v. Chromatic Commc'ns Enter., Inc.,* 498 U.S. 533, 546-47 (1991)).  Reasonableness in the context of Rule 11, is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Id*.  Sanctions are appropriate only if "the filing of the Complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

Under Rule 11(b)(2), both attorneys and pro se litigants are required to conduct a reasonable inquiry into the legal underpinnings of their claims before signing a complaint.  *See also* 1993 Advisory Committee Note ("[Subdivision b requires] attorneys and pro se litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents, and prescribing sanctions for violation of these obligations. . . .  The rule requires litigants to 'stop-and-think' before initially making legal or factual contentions. . . .")

While the Court recognizes that Plaintiff has filed two lawsuits against Viacom, both alleging that Viacom "stole" Plaintiff's "Ghetto Fabulous" idea, albeit under different legal theories, the Court does not find that Plaintiff has abused the federal court system in a manner that would warrant the imposition of Rule 11 sanctions as requested by Defendants.

B.      28 U.S.C. § 1927 Sanctions

Title 28, United States Code, section 1927 sets forth the federal rule discouraging costly, vexatious proceedings.  Specifically,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

> unreasonably and veraciously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

In this case, Plaintiff filed his complaint on June 7, 2011, and Defendant moved to dismiss the Complaint on October 18, 2011.  By Memorandum Opinion and Order issued contemporaneously with the filing of this Memorandum Opinion and Order, the Court granted the Motion to Dismiss and dismissed Plaintiff's Complaint in its entirety.

The proceedings in this case were few and short-lived.  The Court is of the opinion that Plaintiff's actions did not rise to the level of unreasonable or vexatious conduct that multiplied the proceedings in this case.  Accordingly, § 1927 sanctions are not warranted in this case and the Motion for Sanctions will be denied.

**Conclusion**

For the hereinabove stated reasons, the Motion for Sanctions will be denied.  However, Plaintiff is advised and warned that the denial of Defendant's request is not an invitation to continue to file lawsuits against this Defendant which arise out of the same underlying facts.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES L. SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-0675 |
| v. | ) | |
| | ) | |
| VIACOM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 31st day of January, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION FOR SANCTIONS filed by Viacom, Inc., is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Darrell E. Williams, Esquire
      8010 Woodcreek Drive
      Bridgeville, PA 15017

      Gayle C. Sproul, Esquire
      Levine, Sullivan, Koch & Schulz
      Email: gsproul@lskslaw.com

      Michael Berry, Esquire
      Levine Sullivan Koch & Schultz
      Email: mberry@lskslaw.com

      Robert Penchina, Esquire
      Levine, Sullivan, Koch & Schulz
      Email: rpenchina@lskslaw.com